**Shaunte BAGBY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–000776–MR.

Court of Appeals of Kentucky.

Aug. 17, 2012.

Jerry L. Wright, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, DIXON, and VANMETER, Judges.

## OPINION

COMBS, Judge:

Shaunte Michelle Bagby entered a conditional plea of guilty to: trafficking in controlled substances within 1000 yards of a school, two counts of trafficking in marijuana, one count of possession of controlled substances in the first degree, and four counts of driving on a DUI suspended license. The Fayette Circuit Court sentenced her to serve several terms, all to run concurrently for a total of one-year imprisonment. Her sentence was probated for three years. Bagby now appeals, contending that the trial court erred by failing to grant her motion to suppress evidence related to the drug charges. After our review, we affirm.

On March 8, 2010, Bagby's residence and vehicle were searched pursuant to a valid warrant. Various items of evidence were collected, and she was arrested. The affidavit submitted in support of the search warrant indicated that Police Detective J.S. Curtsinger had begun an investigation of Bagby's activities on February 16, 2010. On that date, a confidential informant was involved with a controlled drug buy at Bagby's home. On March 3, 2010, the same confidential informant was involved with a controlled drug buy that took place in the informant's vehicle. On March 5, 2010, the same confidential informant was involved with yet another controlled drug buy at Bagby's residence. Bagby was subsequently indicted on the several narcotics charges and numerous counts of driving on a DUI suspended license. On May 7, 2010, she pleaded not guilty to all charges.

On December 14, 2010, Bagby filed a motion to suppress the evidence collected in conjunction with the drug charges. In her motion, Bagby contended that police were aware—at or near the beginning of their investigation—that her operator's license had been suspended as part of a DUI conviction. Nonetheless, the police observed or encouraged her (through the use of a confidential informant) to drive her vehicle in violation of the provisions of KRS 189A.090. She argued that law enforcement officials had acted contrary to public policy by failing to arrest her immediately upon observing her operate a vehicle without a license and that their failure to arrest her promptly was essentially an attempt to involve her in more serious criminal offenses. Bagby argued that this entrapment-like conduct tainted the evidence and rendered it inadmissible under the exclusionary rule pertaining to the Fourth Amendment.

In its written response to the motion to suppress, the Commonwealth conceded that during the investigation, Detective Curtsinger had become aware that Bag-

by's license had been suspended as part of a DUI conviction.[1] However, the Commonwealth argued that law enforcement officers are to be afforded wide latitude in conducting their investigations and that they were not required to arrest Bagby immediately for driving on a suspended license.

> Instead of arresting [Bagby] as soon as they learned she was driving on a suspended license, at which time there was only one non-recorded buy from [Bagby], police waited and developed their investigation into a stronger case with two additional recorded transactions between [Bagby] and the [confidential informant].)

Commonwealth's Response to Motion to Suppress at 3. Following a hearing, the trial court denied Bagby's motion to suppress the evidence against her.

On February 18, 2011, Bagby appeared in open court with counsel and withdrew her previous plea of not guilty. Pursuant to Kentucky Rule[s] of Criminal Procedure (RCr) 8.09, she entered a conditional plea of guilty to the various charges against her, reserving her right to appeal the trial court's order denying her motion to suppress. She was sentenced on April 5, 2011. This appeal followed.

On appeal, Bagby argues that Detective Curtsinger was duty-bound to arrest her as soon as he saw her driving without a valid operator's license. She argues separately that *public policy* requires law enforcement officers to arrest immediately any driver whose operator's license has been suspended for a conviction of driving under the influence. On these grounds, Bagby contends that the trial court erred by failing to grant her motion to suppress.

The Commonwealth denies that any law enforcement official instigated or condoned Bagby's decision to violate the law by driving on a suspended operator's license. It contends that law enforcement officers are permitted wide discretion in deciding how to conduct a proper investigation and that the trial court did not err by denying Bagby's motion to suppress.

■ In this case, our standard of review of the trial court's ruling on Bagby's motion to suppress requires our *de novo* examination of the trial court's application of the law to the undisputed facts. We must determine whether the trial court's decision is erroneous as a matter of law. *Commonwealth v. Neal,* 84 S.W.3d 920, 923 (Ky.App.2002) (footnotes omitted). We conclude that it is not.

■ The exclusionary rule is a judicially created sanction that prohibits the prosecution from introducing evidence obtained in violation of an individual's rights under the Fourth Amendment. It generally requires the suppression of any evidence that is collected as either the direct or indirect result of illegal police conduct.

■ In *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), the United States Supreme Court rejected the notion that there is a constitutional right to be arrested within a particular time frame. Furthermore, our courts have recognized that law enforcement officials are entitled to conduct their investigations into criminal wrongdoing until such a time as the officers are satisfied in their professional discretion that halting the investigation is timely and appropriate. *Phillips v. Commonwealth,* 473 S.W.2d 135 (Ky.App.1971). In *Phillips,* we explained as follows:

> Courts are in no position to say as a matter of law that an officer must break off an investigation at any particular

---

1. Police records indicated that the suspension ended on March 6, 2010.

point in time or that he must move in and effect an arrest at any particular time. These are matters that do and must remain in the reasonable discretion of the officer in the field conducting the investigation.

*Id.* at 137.

Bagby cannot demonstrate that any of the evidence obtained against her was a violation of her rights under the Fourth Amendment. Nor can we agree that any evidence was gathered as either the direct or the indirect result of any illegal police conduct. Consequently, the exclusionary rule does not apply. The trial court did not err by denying Bagby's motion to suppress the evidence.

We affirm the final judgment of the Fayette Circuit Court.

ALL CONCUR.